WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Sloan Medved,<br><br>                 Plaintiff,<br><br>v.<br><br>Stachowski Farm Incorporated, et al.,<br><br>                 Defendants. | No. CV-15-01292-PHX-ESW<br><br>**ORDER** |

   Plaintiff has consented to the exercise of Magistrate Judge jurisdiction. (Doc. 6). Pending before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2). For good cause shown, the Application is granted and Plaintiff is allowed to proceed *in forma pauperis*. The Court, however, must screen the Complaint (Doc. 1) before it is allowed to be served. 28 U.S.C. § 1915(e)(2). As the Ninth Circuit Court of Appeals has explained, "section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

   Plaintiff has filed numerous complaints in this Court. Res judicata, or claim preclusion, prohibits lawsuits on "any claims that were raised or could have been raised" in a prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). "Res judicata applies when 'the earlier suit . . . (1) involved the same 'claim' or cause of

action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.'" *Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)). Regarding the second factor above, a dismissal "with prejudice" is an acceptable shorthand for adjudication on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002); Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). Hence, "[f]ederal law dictates that a dismissal with prejudice bars a later suit under res judicata." *Beard v. Sheet Metal Workers Union, Local 150*, 908 F.2d 474, 477 n.3 (9th Cir. 1990); *Classic Auto Refinishing, Inc. v. Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) ("There can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case."); *Smith v. Lemon*, 442 F.2d 1195, 1195 (9th Cir. 1971) (per curiam).

Plaintiff's Complaint (Doc. 1) in this case is an almost exact copy of the Amended Complaint that Plaintiff filed in *Medved v. Stachowski Farm Inc.*, CV-14-02075-GMS (D. Ariz. Dec. 23, 2014), Doc. 9. In his November 18, 2014 order, District Judge G. Murray Snow dismissed the Amended Complaint with leave to amend. CV-14-02075-GMS, Doc. 10. Judge Snow directed the Clerk of Court to dismiss the action with prejudice if Plaintiff did not file a second amended complaint within thirty days of Judge Snow's order. Plaintiff did not file a second amended complaint, and the Clerk of Court dismissed the action with prejudice on December 23, 2014. CV-14-02075-GMS, Doc. 11. Plaintiff appears to concede that he previously filed the current case and acknowledges that it was dismissed with prejudice. Plaintiff states in his Complaint (Doc. 1 at 42) that "[t]his case was originally dismissed with prejudice . . . ."

Because the Complaint (Doc. 1) names the same defendants and contains the same claims as the Amended Complaint that has been dismissed with prejudice, the Court finds that the Complaint (Doc. 1) is barred under the principle of res judicata.

Accordingly,

**IT IS ORDERED** granting Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion to Allow Electronic Filing by a Party Appearing Without an Attorney and Supporting Information" (Doc. 3).

**IT IS FURTHER ORDERED** dismissing the Complaint (Doc. 1) with prejudice. The Clerk of Court is directed to terminate this case.

Dated this 4th day of December, 2015.

_____
Eileen S. Willett
United States Magistrate Judge